ZIMMERMAN REED, LLP
CHRISTOPHER P. RIDOUT (SBN: 143931)
 E-mail: christopher.ridout@zimmreed.com
CALEB MARKER (SBN: 269721)
 E-mail: caleb.marker@zimmreed.com
HANNAH P. BELKNAP (SBN: 294155)
 E-mail: hannah.belknap@zimmreed.com
2381 Rosecrans Ave., Suite 328
Manhattan Beach, California 90245
(877) 500-8780 - Telephone
(877) 500-8781 - Facsimile

MAHONEY LAW GROUP, APC
KEVIN MAHONEY (SBN: 235367)
 E-mail: kmahoney@mahoney-law.net
249 E. Ocean Boulevard, Suite 814
Long Beach, California  90802
(562) 590-5550 - Telephone
(562) 590-8400 - Facsimile

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD KROENIG, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>MAXIM HEALTHCARE SERVICES, INC., a Maryland Corporation, E-VERIFILE.COM, INC., a Georgia Corporation,<br><br>        Defendants. | Case No.: 2:14-cv-03471-FMO (ASx)<br><br>*Assigned to Hon. Fernando M. Olguin*<br><br>**THIRD AMENDED COMPLAINT**<br><br>[CLASS ACTION]<br><br>1.  Violation of Fair Credit Reporting Act, 15 U.S.C. § 1681b(b)(2)(A); 15 U.S.C. § 1681o(a) (Obtaining Consumer Reports Without Facially Valid Authorizations)<br><br>      <u>DEMAND FOR JURY TRIAL</u> |

# INTRODUCTION

1.     This is a class action brought by Plaintiff SHONNTEY MOODIE ("Plaintiff") against MAXIM HEALTHCARE SERVICES, INC., a Maryland corporation ("Defendant" or "MAXIM").

2.     Plaintiff brings this nationwide class action on behalf of herself and all other individuals who applied for employment with Defendant and who executed a release and authorization form permitting Defendant to procure a consumer report and/or investigative consumer report on them as part of Defendant's employment application(hereinafter the "Class"). Specifically, Plaintiff complains that Defendant has a uniform policy or practice of obtaining an applicant's consumer report by and through the use of a legally invalid authorization form and has violated the Fair Credit Reporting Act (the "FCRA") by using a form that: 1) fails to provide a clear and conspicuous disclosure; and 2) fails to provide a disclosure that appears in a document that consists solely of the disclosure.

## JURISDICTION AND VENUE

3.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the FCRA, 15 U.S.C. § 1681 *et seq*. In addition, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) because at least one Class member is of diverse citizenship from the Defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest or costs.

4.     This Court has personal jurisdiction over Defendant because Defendant conducts business in this State, has systematic and continuous ties with this state, and has agents and representatives that can be found in this state. Thus, Defendant has sufficient minimum contacts with, otherwise purposefully avails itself of the markets in the State of California, or otherwise has sufficient contacts with this District to justify it being fairly brought into court in this District.

5.      Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391, because Defendant maintains offices, has agents, and/or is licensed to transact and does transact business in this District. Key decisions, agreements and activities regarding the unlawful, fraudulent and unconscionable actions of Defendant as described further within, were made in this District and emanated to other districts including those in California. Furthermore, Defendant has resided within this District and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

## THE PARTIES

**A.      The Plaintiff**

6.      SHONNTEY MOODIE ("Plaintiff") is a resident of Los Angeles County, California.  In or around 2012, in connection with Plaintiff's application for employment with Defendant, Plaintiff executed an authorization and release form that purported to allow Defendant to obtain a consumer report and/or an investigative consumer report on her through and by means of E-Verifile.com, Inc.

**B.      The Defendant**

7.      Defendant MAXIM HEALTHCARE SERVICES, INC., a Maryland Corporation, owns and operates a variety of healthcare facilities and provides medical, homecare, non-medical and health care staffing services throughout the State of California and maintains hundreds of healthcare facilities nationwide. Defendant provides a variety of healthcare services to the general public in Los Angeles County, California. Plaintiff is informed and believes that each application for employment executed by individuals across the United States and in California included the same or nearly identical legally invalid release and authorization form. Defendant's agent for service of process in California is Corporation Service Company which does business in California as CSC – Lawyers Incorporating Service. The agent's address is 2710 Gateway Oaks Dr., Suite 150N, Sacramento, California 95833.

**FACTUAL ALLEGATIONS**

8.      In or about 2012, Plaintiff applied for employment with Defendant. At that time, Plaintiff was required to sign certain application documents, including a "Release and Authorization to Obtain Consumer and/or Investigate Consumer Report" form ("Release and Authorization Form").

9.      By signing the Release and Authorization Form, Plaintiff "authorize[d] MAXIM HEALTHCARE SERVICES, INC., and its affiliated companies… by and through its independent contractor, E-VERIFILE, INC. ("EVI"), to procure a consumer report and/or investigative consumer report on [her]" (emphasis in original).

10.     E-Verifile.com, Inc. is a consumer reporting agency as that term is defined in 15 U.S.C. 1681a(f) because, for monetary fees or dues, E-Verifile.com, Inc. regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses any means of facility of interstate commerce for the purpose of preparing or furnishing consumer reports. *See* 15 U.S.C. 1681a(f).

11.     Indeed, E-Verifile.com, Inc. states on its own website and in publicly made company press releases that "eVerifile, [is] a certified Consumer Reporting Agency".[1]

12.     In service agreements between E-Verifile.com, Inc. and third parties for whom E-Verifile.com, Inc. prepares or furnishes consumer reports, E-Verifile.com, Inc. states that "eVerifile is a consumer reporting agency as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681 *et seq.*, and as such provides consumer reports as defined in section 603(d) of the FCRA to third parties as allowed by the FCRA, each as may be amended from time to time".

13.     The Release and Authorization Form stated that Plaintiff's consumer and/or investigative report:

---

[1]      *See*      http://www.everifile.com/news/everifile-and-estaff365-announce-strategic-partnership/ (published July 28, 2014).

may be obtained through one or more of the following sources: employment and education verifications; my personal credit history based on reports from any credit bureau; personal references; personal interviews; driving history, including any traffic citations; a social security number verification; present and former addresses; criminal and civil history/records; and any other public records.

14.     In or about 2012, E-Verifile.com, Inc. assembled and/or evaluated information on Plaintiff, for the purpose of preparing and/or furnishing Plaintiff's consumer report to Defendant.

15.     15 U.S.C. § 1681a defines "consumer report" in pertinent part as:

…any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for –…(B) employment purposes.

16.     The document prepared and furnished by E-Verifile.com, Inc. and procured by Defendant is a consumer report because it is a written communication of information by E-Verifile.com, Inc., a consumer reporting agency, that bears on Plaintiff's, a consumer, credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living and was used and collected in whole or in part for the purpose as a factor in establishing Plaintiff's eligibility for employment purposes.

17.     Specifically, Plaintiff's consumer report included, among other information, background information relating to her driving record and criminal record. Upon information and belief, such information bears on Plaintiff's character, general reputation, personal characteristics and mode of living.

18.     Plaintiff's consumer report is on E-Verifile.com, Inc. letterhead and includes the following language on the bottom of page one and the top of page two of the consumer report:

> This report has been generated for employment purposes only and it may not be used for any other purpose. The use and dissemination of the report and the information contained therein must be in accordance with…the Fair Credit Reporting Act…

19.     Upon information and belief, Plaintiff's consumer report includes background consumer information from private, non-governmental sources.

20.     In or about 2012, during the Class Period (defined herein) Defendant obtained Plaintiff's consumer report by and through E-Verifile.com, Inc., a consumer reporting agency, for employment purposes.

21.     From May 5, 2009 through August 27, 2012, Defendant consistently maintained and enforced a Release and Authorization Form against Defendant's applicants for employment, in violation of Federal law (the "Class Period").

22.     Plaintiff is informed and believes that during the Class Period, Defendant instituted a policy and practice in connection with Defendant's application for employment, whereby Plaintiff and the Class were required to execute a Release and Authorization Form purportedly authorizing Defendant to obtain a consumer report on them that may include information relating to criminal and civil records, credit history, employment history and other background consumer information as specified in the Release and Authorization Form. *See* Exhibit "1".

23.     The Release and Authorization Forms includes the following release language:

> I hereby release MAXIM, EVI and any and all persons, business entities and      governmental agencies providing information, whether public or private, from any      and      all liability, claims and/or demands, by me, my heirs or others making such      claim   or   demand   on   my   behalf,   for

> providing the consumer report(s) and/or investigative consumer report(s) authorized by me herein. I understand that this Release and Authorization shall remain in effect for the duration of my employment with MAXIM, and that MAXIM may obtain addition consumer and/or investigative consumer report(s) on me…(emphasis in original).

24.     In addition, the Release and Authorization Form includes the following language:

> Additionally, I hereby authorize MAXIM to investigate any incidents of workplace misconduct made against or involving me both during and after my term of employment with MAXIM (emphasis in original).

25.     Defendant's waiver of rights provisions facially contravene the requirements of the FCRA that the disclosure appear in a document that consists solely of the disclosure.

26.     In the last section of the Release and Authorization Form, Defendant required that Plaintiff and the Class provide a variety of other background information, including but not limited to their: 1) name; 2) other names used; 3) current address; 4) former address; 5) social security number; 6) telephone number; 7) driver's license number; 8) date of birth; 9) gender; 10) race; 11) prior licenses suspensions or revocations; and 12) any current investigations or pending charges.

27.     Plaintiff is informed and believes that Defendant knew that the Release and Authorization Form was invalid and in violation of the FCRA, yet still required Plaintiff and the Class to execute the invalid form.

28.     Based on the foregoing, Defendant's Release and Authorization Form is facially invalid and in violation of the FCRA's requirement that the authorization provide a clear and conspicuous disclosure, and that the disclosure appear in a document that consists solely of the disclosure.

## CLASS ALLEGATIONS

29.     Plaintiff brings this action individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

30.     The Class to be certified against Defendant is defined as follows:

> All individuals who (1) were hired by Maxim between May 5, 2009 and August 27, 2012; (2) executed one of the forms collectively attached as Exhibit "1" or a substantively identical version of those forms; and (3) were the subject of a consumer report procured by Maxim before August 27, 2012.

31.     The individuals in the Class are so numerous that joinder of all members is impracticable. Although the precise number of individuals is currently unknown, Plaintiff believes that the number of individual members of the Class exceeds 1,000.

32.     Notice of the pendency and any resolution of this action can be provided to potential members of the Class by mail, print, and/or internet publication.

33.     There is a well-defined community of interest in the litigation and the potential members of the Class are readily ascertainable.

34.     This case is maintainable as a class action under Rule 23(b)(1) and (b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to the proposed Class predominate over any questions affecting only individual members of the proposed Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

35.     There are common questions of law and fact as to the Class that predominate over questions affecting only individual members, including but not limited to:

a. Whether Plaintiff and the Class applied for employment positions with Defendant;

b. Whether Defendant's Release and Authorization Forms executed by Plaintiff and the Class were facially invalid by virtue of language included in the release and authorization form that no longer makes it a "document that consists solely of the disclosure", as required by 15 U.S.C. § 1681b(b)(2)(A);

c. Whether Defendant violated 15 U.S.C. § 1681b(b)(2)(A) by including language constituting a release of claims as part of its Release and Authorization Forms;

d. Whether Defendant's Release and Authorization Forms executed by Plaintiff and the Class were invalid by virtue of language included in the release and authorization form that no longer makes it a "clear and conspicuous disclosure", as required by 15 U.S.C. § 1681b(b)(2)(A);

e. Whether Defendant willfully violated the FCRA by including language releasing Defendant and third parties from liability;

f. Whether Defendant willfully violated the FCRA thereby triggering statutory damages to Plaintiff and the Class as set forth in 15 U.S.C. § 1681n(a);

g. Whether Plaintiff and the Class are entitled to statutory damages under 15 U.S.C. § 1681n(a) and, if so, the amount and calculation of such statutory damages;

h. Whether Defendant negligently violated the FCRA by including language releasing Defendant and third parties from liability;

i. Whether Defendant negligently violated the FCRA thereby triggering actual damages to Plaintiff and the Class as set forth in 15 U.S.C. § 1681o(a) and, if so, the amount and calculation of such actual damages; and

j. Whether Plaintiff and the Class are entitled to recover punitive damages under 15 U.S.C. § 1681n(a)(2) and, if so, the amount and calculation of such punitive damages.

36.    Both Plaintiff and the undersigned counsel are adequate representatives of the Class. Plaintiff is a member of the Class. Plaintiff has the incentive and is committed to the prosecution of this action for the benefit of the Class. Plaintiff has no interests that are antagonistic to those of the Class or that would cause her to act adversely to the best interests of the Class. Plaintiff has retained counsel experienced in class action litigation.

37.    In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

# FIRST CAUSE OF ACTION

## Violation of the Fair Credit Reporting Act

**(Obtaining Consumer Reports Without Facially Valid Authorizations)**

**(By Plaintiff and the Class Against Defendant)**

38.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

39.     Pursuant to 15 U.S.C. § 1681b(a)(3)(B), a consumer reporting agency may furnish a consumer report for employment purposes. Likewise, a consumer report may be used for the evaluation of "a consumer for employment, promotion, reassignment or retention of an employee." 15 U.S.C. §1681a(h).

40.     The FCRA requires that, prior to procuring a consumer report on an individual for employment purposes, the employer must: (1) provide a clear and conspicuous disclosure to each applicant in writing that a consumer report may be obtained for employment purposes; and (2) obtain the applicant's authorization in writing to obtain the report. 15 U.S.C. § 1681b(b)(2)(A). Section 1681b(b)(2)(A) further specifies that the disclosure must be in writing "in a document that consists solely of the disclosure".

41.     Specifically, Section 1681b(b)(2)(A) provides, in relevant part:

> … a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless--
> (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or cause to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

15 U.S.C. § 1681b(b)(2)(A) (emphasis added).

42.     In or around 2012, during the Class Period, Plaintiff was required to sign a Release and Authorization Form as part of her job application.

THIRD AMENDED COMPLAINT                                                                         10

43.     Included in Defendant's Release and Authorization Form was: 1) a purported authorization to procure a consumer report and investigate a consumer report; 2) a waiver of liability provision; 3) an authorization of Defendant to investigate workplace misconduct of Plaintiff during and after the term of her employment; and 4) a request for various other person information of Plaintiff including her name, other names used, current address, former address, social security number, telephone number, driver's license number, date of birth, gender, race, prior licenses suspensions or revocations, and record of current investigations or pending charges. Defendant's inclusion of the aforementioned in its Release and Authorization Forms executed by applicants facially contravenes the requirements of 15 U.S.C. § 1681b(b)(2)(A) that the disclosure be: 1) "clear and conspicuous"; and 2) appear "in a document that consists solely of the disclosure."

44.     As a matter of law, Defendant's inclusion of the aforementioned information invalidates the Release and Authorization Form for purposes of the FCRA. *See Singleton v. Domino's Pizza*, No. 11-1823, 2-12 WL 245965 at *9 (D.Md. Jan. 25, 2012) (denying employer's motion to dismiss plaintiff's section 1681b(b)(2)(A) claim, finding that "both the statutory text and FTC advisory opinions indicate that an employer violates the FCRA by including a liability release in a disclosure document"); *see also Reardon v. ClosetMaid Corporation*, No. 2:08-CV-01730, 2013 WL 6231606 at *9 (W.D. Pa. Dec. 2, 2013) (granting partial summary judgment to plaintiff on plaintiff's Section 1681b(b)(2)(A) claim, noting that "ClosetMaid's inclusion of a release provision in the Authorization Form…facially violates section 1681b(b)(2)(A)(i)" because "the authorization form simply does not comply with the FCRA's express requirement that the disclosure appear in a document that consists solely of the disclosure…"); *see also* Letter from William Haynes, Attorney, Div. of Credit Practices, Fed Trade Comm'n to Richard W. Hauxwekk, CEO, Accufax Div. (June 12, 1998), 1998 W.L. 34323756

(F.T.C.) (noting that the inclusion of a waiver in a disclosure form will violate the FCRA).

45.     Defendant acted willfully by providing a facially invalid Release and Authorization Form that was in direct violation of the clear and unambiguous requirements set forth in 15 U.S.C. § 1681b(b)(2)(A). Defendant knew or acted with reckless disregard of its statutory duties and the rights of applicants and employees, including Plaintiff and the Class, thus knowingly and/or recklessly disregarding its statutory duties.

46.     On information and belief, as well as Plaintiff's investigation, Defendant's conduct was willful because:

a. Defendant required Plaintiff and the Class to execute the Release and Authorization Form knowing that it was facially invalid in violation of the FCRA and Defendant's statutory duties;

b. Defendant acted with reckless disregard of the FCRA requirements and Defendant's statutory duties when it required Plaintiff and the Class to execute the Release and Authorization Form that was facially invalid and in violation of the clear and unambiguous requirements of the FCRA;

c. Defendant was advised by skilled lawyers and other professional employees, and advisors knowledgeable about the FCRA requirements;

d. The plain language of the statute unambiguously indicates that inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements;

e. The FTC's express statements, pre-dating Defendant's conduct, state that it is a violation of 15 U.S.C. § 1681b(b)(2)(A) to include a liability waiver in the FCRA disclosure form; and

f.     E-Verifile.com, Inc. informed Defendant of its obligations under the FCRA and required Defendant to certify its compliance with the FCRA in an "e-VERIFILE.COM Subscriber Agreement" and "End User Due Diligence Form."

47.     Pursuant to 15 U.S.C. §1681n(a)(1)(A), Plaintiff and the Class are entitled to statutory damages due to Defendant's willful failure to comply with the requirements posed by 15 U.S.C. § 1681b(b)(2)(A) of an amount not less than $100 and not more than $1,000.

48.     In the alternative, Plaintiff alleges that Defendant's conduct in violation of the FCRA and Defendant's statutory duties was negligent, and therefore Plaintiff and the Class are entitled to actual damages, if any, pursuant to 15 U.S.C. § 1681o(a).

49.     Upon information and belief, Plaintiff and the Class suffered actual damages as a result of Defendant's negligent conduct.

50.     Plaintiff and the Class are entitled to recover punitive damages for Defendant's willful violations, in an amount as the Court may allow.

51.     Pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2), Plaintiff and the Class are also entitled to recover costs of suit with reasonable attorneys' fees, as determined by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of the Class, prays for an order for relief as follows:

1.     That Defendant be found liable to Plaintiff and the Class;

2.     For a declaration that Defendant violated the rights of Plaintiff and the Class under the FCRA, and any other applicable law;

3.     Pursuant to 15 U.S.C. §1681n(a)(1)(A), an award of statutory damages to Plaintiff and the Class in an amount equal to $1,000 for Plaintiff and each member of the Class for Defendant's willful violations of the FCRA;

4.    In the alternative to statutory damages, and pursuant to 15 U.S.C. §16810(a)(1), an award of actual damages to Plaintiff and each member of the Class, in an amount according to proof, for Defendant's negligent violations of the FCRA;

5.    Pursuant to 15 U.S.C. §1681n(a)(2), an award of punitive damages to Plaintiff and the members of the Class in an amount to be determined by the Court;

6.    For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure;

7.    For costs of suit and expenses incurred herein, including reasonable attorneys' fees and costs allowed under relevant provision of law including, but not limited to, those allowed under 15 U.S.C. §1681n(a)(3), 15 U.S.C. §1681o(a)(2), and/or other applicable provisions of law; and

8.    For any and all other relief that the Court may deem just, proper and equitable in the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of her claims to the extent authorized by law.

Respectfully submitted,

ZIMMERMAN REED, LLP

Dated: May 8, 2017          By:    /s/ Christopher P. Ridout
                                   Christopher P. Ridout
                                   Caleb Marker
                                   Hannah P. Belknap
                                   2381 Rosecrans Ave., Suite 328
                                   Manhattan Beach, California 90245
                                   (877) 500-8780 - Telephone
                                   (877) 500-8781 - Facsimile

                                   MAHONEY LAW GROUP, APC
                                   Kevin Mahoney
                                   249 E. Ocean Boulevard, Suite 814
                                   FLong Beach, California 90802
                                   (562) 590-5550 Telephone
                                   (562) 590-8400 Facsimile

                                   *Attorneys for Plaintiff*