ZIMMERMAN REED, LLP
CHRISTOPHER P. RIDOUT (SBN: 143931)
  E-mail: christopher.ridout@zimmreed.com
HANNAH B. FERNANDEZ (SBN: 294155)
  E-mail: hannah.fernandez@zimmreed.com
2381 Rosecrans Ave., Suite 328
Manhattan Beach, California 90245
(877) 500-8780 - Telephone
(877) 500-8781 - Facsimile

MAHONEY LAW GROUP, APC
KEVIN MAHONEY (SBN: 235367)
  E-mail: kmahoney@mahoney-law.net
ALINA B. MAZEIKA (303840)
   E-mail: amazeika@mahoney-law.net
249 E. Ocean Boulevard, Suite 814
Long Beach, California 90802
(562) 590-5550 - Telephone
(562) 590-8400 - Facsimile

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHONNTEY MOODIE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAXIM HEALTHCARE SERVICES, INC., a Maryland Corporation, E-VERIFILE.COM, INC., a Georgia Corporation,<br><br>Defendants. | Case No.: CV 14-3471 FMO (ASx)<br><br>*Assigned to Hon. Fernando M. Olguin*<br><br>**DECLARATION OF CHRISTOPHER P. RIDOUT IN SUPPORT OF UNOPPOSED MOTION FOR AN AWARD OF CLASS REPRESENTATIVE INCENTIVE PAYMENT AND ATTORNEYS' FEES AND COSTS**<br><br>Date: August 22, 2019<br>Time: 10:00 AM<br>Courtroom: 6D<br><br>Date Action Filed: May 5, 2014 |

DECLARATION OF CHRISTOPHER P. RIDOUT IN SUPPORT OF MOTION FOR AN AWARD OF CLASS REPRESENTATIVE INCENTIVE PAYMENT AND ATTORNEYS' FEES AND COSTS

5

I, Christopher P. Ridout, hereby declare as follows:

1. I am an attorney at law duly licensed to practice law before this Court and am one of the counsel of record representing Plaintiff in this matter bearing Case No. CV 14-3471 FMO (ASx). I submit this declaration in support of Plaintiff's Unopposed Motion for An Award of Class Representative Incentive Payment and Attorneys' Fees and Costs. I have personal knowledge of the facts set forth herein and if called as a witness, I could and would testify competently thereto.

2. I am a partner of the law firm Zimmerman Reed LLP. The firm specializes in complex civil and class action litigation and has been appointed as lead counsel in multiple class action and multidistrict litigations in federal courts.

3. I have over 29 years of experience practicing law in California. I am a graduate of Harvard University and the University of the Pacific, McGeorge School of Law. I have been a member in good standing of the State Bar of California since 1989. I am also admitted to practice law before the following Courts: United States District Court for the Southern, Central, and Northern Districts of California; and the United States Court of Appeals for the Ninth Circuit.

4. I have never faced any disciplinary action or received any sanction from a state bar association for misconduct or an ethical violation.

5. In 2007, I founded RLO.

6. On May 31, 2015, RLO was renamed RMO which remained as one of the counsel on behalf of Plaintiffs.

7. On August 1, 2015, I, my partner Caleb LH Marker, and our associate, Hannah B. Fernandez (formerly Hannah P. Belknap), joined ZR. Mr. Marker and I are currently partners of ZR.

8. I have extensive experience in the prosecution and settlement administration of mass tort actions and class actions and I am familiar with the resources and experience needed to prosecute a case of this magnitude.

9. A significant portion of my experience since 1989 has been devoted to

DECLARATION OF CHRISTOPHER P. RIDOUT IN SUPPORT OF MOTION FOR AN AWARD OF CLASS REPRESENTATIVE INCENTIVE PAYMENT AND ATTORNEYS' FEES AND COSTS

5

representing individuals who contest allegedly unlawful practices regarding various areas including, but not limited to, toxic exposure, consumer rights and unfair competition law.

10. In addition, I have recently served or presently serve as either lead liaison counsel, class counsel and/or served on the plaintiffs' steering committee in numerous actions, including those listed in the firm resume of RLO attached hereto as Exhibit "1".

11. By way of example, on April 4, 2011, the Court in T<u>rauth, et al. v. Spearmint Rhino Companies Worldwide, Inc., et al.</u> appointed me lead class counsel after obtaining preliminary approval of a nationwide settlement providing over $10 million in monetary relief and $127 million in injunctive relief (an economist-calculated present value of the reclassification of thousands of employees). On October 24, 2016, the Court in <u>Etter, et al. v. Norcold, Inc.</u>, United States District Court, Central District of California, Case No. 8:13-CV-00081 JLS (RNB), appointed me as co-lead class counsel after obtaining preliminary and final approval of a nationwide settlement providing $36 million in monetary relief.

12. Attached as Exhibit "2" hereto is a true and correct copy of the list of Zimmerman Reed leadership appointments in Class Actions.

13. Attached as Exhibit "3" hereto is a true and correct copy of Zimmerman Reed's firm resume.

14. My firm served as counsel for Plaintiff Ronald Kroenig from late 2013—when Ronald Kroenig contacted our law firm about his claims against Maxim—until his passing in 2017.

15. We, in conjunction with co-counsel, Mahoney Law Group, APC, began our investigation of the claims shortly after being contacted by Mr. Kroenig. The *Kroenig* lawsuit was filed on May 5, 2014 in the Central District of California alleging violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(2)(A) and 15 U.S.C. § 1681n(a) as against Maxim Healthcare Services Inc. ("Maxim" or "Defendant"). Plaintiff further sought declaratory relief to compel Maxim to comply

DECLARATION OF CHRISTOPHER P. RIDOUT IN SUPPORT OF MOTION FOR AN AWARD OF CLASS REPRESENTATIVE INCENTIVE PAYMENT AND ATTORNEYS' FEES AND COSTS

5

with the FCRA.

16. Mr. Kroenig passed away unexpectedly in 2017. Class Counsel informed Maxim's counsel and thereafter endeavored to obtain a suitable named plaintiff with standing and interest to represent the interests of the putative class, enabling the recently agreed upon settlement to proceed. Shonntey Moodie retained Class Counsel and agreed to act as named plaintiff and putative class representative.

17. I have been actively involved in this litigation since its inception. My involvement in this matter has included, but has not been limited to, the following tasks:

a. Conducting an extensive pre-suit and continuing investigation into the claims contained in the operative complaint, and reviewing numerous documents relating to Maxim;

b. Strategizing case theories with co-counsel;

c. Meeting and conferring with co-counsel on an ongoing basis;

d. Meeting and conferring with opposing counsel on an ongoing basis;

e. Discussing case matters with the former named plaintiff Ronald Kroenig (since deceased);

f. Participating in the drafting and reviewing of numerous pleadings and settlement documents as well as performing requisite legal research;

g. Participating in the drafting and review of Requests for Admission, Special Interrogatories and Requests for Production of Documents;

h. Preparing for and participating in numerous in-person and telephonic meet-and-confers regarding discovery responses;

i. Preparing for and participating in an in-person mediation session before the Honorable Peter D. Lichtman (Ret.);

j. Participating in and handling settlement negotiations both at JAMS and thereafter with Defendant and Defendant's counsel; and

k. Reviewing Defendant's voluminous documentation regarding the nature of documents generated in connection with Defendant's

employment practices.

18. Only after completing each of the foregoing tasks, was the Settlement reached in this matter finalized. Moreover, as is demonstrated by the numerous meet-and-confers regarding pre and post mediation discovery issues, as well as the numerous settlement discussions that took place in-person and telephonically, this Settlement was clearly the result of arms-length negotiation. Notably, the Parties did not discuss or negotiate Class Counsel's attorneys' fees and costs until after agreement on the material terms of settlement, including the monetary fund for the Settlement Class that had been reached.

19. The requested Service Award has been reduced from the $7,500 maximum the Parties agreed to in the Settlement (*see* Dkt. 144-1 ¶ 81) in accordance with the Court's tentative finding that $5,000 was appropriate based on the timing of Plaintiff's entrance into the Action. Counsel for the Parties revised the forms associated with the Settlement and approved by the Court to reflect this reduced amount prior to distribution of the forms to Class Members by the Settlement Administrator.

20. The Settlement creates a $1,200,000 cash common fund. After deduction of Notice and Administration Costs ($105,000) and in the event the Court awards the full amount requests for attorneys' fees and costs ($300,000) and Service Award ($5,000), there will be approximately $790,000 remaining in the Settlement Fund for distribution among Class Members. Assuming a 20% claim submission rate, which I believe to be consistent with recent FCRA class actions, and 121, 124 Class Members, each Class Member will receive a check in the amount of approximately $32.61.

21. My firm, through Tabs3 billing software, maintains detailed records of costs, expenses and time expended by attorneys and staff. The records are regularly reviewed for accuracy.

22. From the inception of this litigation through May 3, 2019, ZR has expended approximately 652 hours of work in connection with this litigation. Based upon our customary rates in this type of litigation, the lodestar value of that time is

DECLARATION OF CHRISTOPHER P. RIDOUT IN SUPPORT OF MOTION FOR AN AWARD OF CLASS REPRESENTATIVE INCENTIVE PAYMENT AND ATTORNEYS' FEES AND COSTS

5

$307,099.25.

23. Class Counsel's time was spent on investigation of claims, legal research, motion practice, claims analysis, settlement negotiations and calculations, and, most recently, responding to emails and telephone calls from Class Members in response to the Notice of Settlement. Class Counsel must still: (1) prepare for and attend the final approval hearing, including the research and drafting of the reply papers and responses to objections; (2) continue to respond to inquiries from Class Members; (3) oversee the Settlement through final approval of distribution of the common fund; (4) oversee the claims administration process, including addressing any claim review issues; and (5) handle any appeals.

24. Our firm was informed by the Settlement Administrator that Notice was timely disseminated to Class Members on April 5, 2019. Having received reports from the Settlement Administrator, I am unaware of any objections to the Settlement to date.

25. ZR's work on this case was performed on a wholly contingent basis pursuant to contingency fee contracts. ZR has not received any amounts in connection with this case either as fee income or expense reimbursement. Additionally, all expense amounts were incurred and paid by my firm out of operating funds.

26. Below is a true and correct summary identifying the number of hours worked, a range of billing rates and respective lodestar values.

27. Assignments were coordinated amongst Class Counsel and made in such a way so that the time spent on the case was necessary and not duplicative. This chart does not reflect the additional time Class Counsel will continue to spend in connection with the final fairness hearing, counseling Class Members about the Settlement and overseeing claims processing.

28. The hourly rates shown below are the usual and customary rates charged in venues in which my firm typically handles cases for each individual doing the type of work performed on this litigation. These rates are not adjusted, notwithstanding the complexity of this litigation, the skill and tenacity of the opposition, the preclusion of

DECLARATION OF CHRISTOPHER P. RIDOUT IN SUPPORT OF MOTION FOR AN AWARD OF CLASS REPRESENTATIVE INCENTIVE PAYMENT AND ATTORNEYS' FEES AND COSTS

5

other employment, the delay in payment or any other factors that could be used to justify a higher hourly compensation. The rates charged are commensurate with hourly rates charged by attorneys handling consumer credit and finance class actions as well as class actions generally in California and this District.

| TITLE | HOURS | RATE RANGE | LODESTAR |
|---|---|---|---|
| Partner | 205.75 | $505-$795 | $152,046.75 |
| Associate | 365.90 | $350-$425 | $142,475.00 |
| Paralegal | 80.20 | $150-$275 | $12,577.50 |
| **TOTALS** | **651.85** |  | **$307,099.25** |

29. ZR has advanced a total of $550.67 in unreimbursed litigation expenses. The expenses include amounts paid for filings, service of process, admission fees and other necessary expenses. The expenses incurred were fair and reasonable and were necessary for the favorable resolution of these Actions.

30. The lodestar summary reflects ZR's experience in the field, the complexity of matters involved in this litigation, and the prevailing rate for providing such services.

31. In my opinion, the time expended, and expenses incurred in prosecuting this action were reasonable and necessary for the diligent litigation of the matter.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 3rd day of May 2019 at Manhattan Beach, California.

         /s/ Christopher P. Ridout
         Christopher P. Ridout

DECLARATION OF CHRISTOPHER P. RIDOUT IN SUPPORT OF MOTION FOR AN AWARD OF CLASS REPRESENTATIVE INCENTIVE PAYMENT AND ATTORNEYS' FEES AND COSTS

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DECLARATION OF HANNAH B. FERNANDEZ IN SUPPORT OF MOTION FOR AN AWARD OF CLASS REPRESENTATIVE INCENTIVE PAYMENT AND ATTORNEYS' FEES AND COSTS    1